the store, and obtained judgment against him in this proceeding for $177.25. It was alleged that the defendant was largely indebted to Robert Hare Powel's Sons & Co., and that, on or about Aug. 22, 1887, he sold and delivered his entire stock of store goods to Robert Hare Powel's Sons & Co. in part payment of the indebtedness. This stock of goods subsequently passed under the said deed of voluntary assignment, and was afterwards sold by the assignee to Tobias Snyder.

The defendant having removed from the state, plaintiff, claiming that the amount due him from the defendant was for wages of labor, for which a lien is given by the acts of 1872 and 1883, sued out this writ of foreign attachment to recover the same in the hands of the assignee.

It will be noticed that Peters, the defendant, did not make an assignment for the benefit of his creditors. On the contrary, he sold his stock of store goods to Robert Hare Powel's Sons & Co. in part payment of what he owed them. We need not discuss the question, whether, under the acts of 1872 and 1883, the plaintiff had a lien upon the stock of store goods or its proceeds. It is very clear he cannot assert such lien in this proceeding. It is an attempt to distribute a portion of an assigned estate by the process of foreign attachment, and by a court which has no jurisdiction over the accounts of the assignee. To state this proposition is to answer it. If the plaintiff has a lien, under the acts of assembly referred to, upon the proceeds of the sale of the stock of goods, he can present it to the assignee, or to the auditor appointed to make distribution of the assigned estate, where it can be disposed of in an orderly manner. It cannot be recovered in this proceeding.

Judgment reversed.

## Massey, Appellant, *v.* Snowden et al.

*Negligence—Mine—Mining boss—Contributory negligence.*

The plaintiff, a " boss hauler " in defendants' mine, while attempting to " sprag " or brake a car, stepped on a large piece of slate alongside of the track, his foot slipped and the car ran over his leg. He had been over the road once before that day. A " mining boss " was employed by defendants. *Held,* in a suit by plaintiff for damages, that under all the circumstances of the case it was proper to give binding instructions for the defendants.

Argued May 9, 1892. Appeal, No. 63, Jan. T., 1891, by plaintiff, William Massey, from judgment of C. P. Fayette Co., Dec. T., 1885, No. 148, on verdict for defendants, Charles L. Snowden et al, trading as C. L. Snowden & Co. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

On the trial before INGRAHAM, P. J., the evidence was to the following effect: Plaintiff was employed in defendants' mine as "boss hauler," and had been so employed for three months before the accident. While conducting a car along a tramway in the mine, he came to a place where the grade required the application of a brake. Plaintiff attempted to "sprag" the car, i. e., put a piece of wood called a "sprag" in one of the wheels to lock it, when the "sprag" flew out. He then seized the "hitching" (an iron for coupling the cars and sometimes used as a "sprag") and attempted to "sprag" the car with it. While so doing he stepped on a piece of slate about 18 inches square and 6 to 8 inches thick, his foot slipped and went under the car, and he was so injured that his leg had to be cut off below the knee. The slate was up against the rib or side of the road, which at this point was about a foot from the rail. The slate had doubtless fallen from the roof. Plaintiff had been over the road once before on the day of the accident. Defendants employed a "mining boss," who had been employed in that capacity at this mine for some years. The plaintiff offered some evidence tending to show that the mining boss was incompetent; but the evidence offered by the defendants of his competency was very strong. The defendants' first point, affirmed, was "That under all the evidence in this case the plaintiff is not entitled to recover and the verdict must be for the defendants."

*Error assigned*, among others, was the affirmance of defendants' first point, quoting it.

*R. P. Kennedy* and *Edward Campbell*, for appellant.

*S. L. Mestrezat*, with him *R. H. Lindsey*, for appellees.— The evidence of the incompetency of the mining boss was insufficient to submit to the jury.

Defendants are not responsible for the carelessness or negligence of the mining boss: Act of April 28, 1877, P. L. 58; Redstone Coke Co. v. Roby, 115 Pa. 364; Lehigh Valley Coal

Co. v. Jones, 86 Pa. 432; Bridge Co. v. Newberry, 96 Pa. 246; Reese v. Biddle, 112 Pa. 72; Waddell v. Simoson, 112 Pa. 567.

PER CURIAM, May 23, 1892:
Judgment affirmed.

## Osborne's Estate.   Osborne's Appeal.

*Partition in orphans' court—Setting aside award to heir—Discretion—Laches.*

It would be an abuse of discretion for the orphans' court to set aside a decree awarding real estate to one of the heirs in partition, where the petition was not presented until eighteen months after the award, unless there was fraud practiced upon the court or the parties.

Whether an application to set aside such an award, when made promptly, and accompanied by an offer to give security that the property should bring more than the original bid, should be granted, is largely in the discretion of the court.

*Right of heir to procure means to bid by mortgage or sale.*

Lack of means does not deprive an heir of the right to bid for real estate in partition.   She has the right to procure the means from others, either by mortgage or sale of the property.

Argued May 10, 1892.   Appeal, No. 79, Jan. T., 1892, by John W. Osborne, from decree of C. P. Fayette Co., Sept T., 1889, No. 5, discharging rule to set aside decree awarding real estate to Eliza J. Craft, in partition.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

On November 9, 1887, James R. Osborne died, leaving a widow and six children, among whom were John W. Osborne and Eliza J. Craft.   On Sept. 2, 1889, proceedings for partition of the real estate of the decedent were begun by Mrs. Craft. An inquest was awarded and the premises appraised, and a rule issued to the parties in interest to appear on the first Wednesday of March, 1890, to choose or refuse.   On the return of the rule, John W. Osborne and Eliza J. Craft were the only parties' who appeared; the former made a bid to take the real estate at the appraisement, and Mrs. Craft at $20 over the appraisement; whereupon the court awarded it to her upon her entering security, and her sureties were approved the next day.   On the same day, before the approval of the sureties, counsel for John W. Osborne presented a petition to the court to have the award set aside.   The court was of opinion that sufficient grounds